IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Woodruff, # 275658, | ) | C/A No. 5:12-344-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| William Byars, Director; | ) | |
| Warden Edsel Taylor; | ) | |
| IGC Georgina Ramey; | ) | |
| HCA Darnell Harrison; | ) | |
| Dr. G. Amonitti, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on the Plaintiff's Motions to seek outside medical assistance and to appoint counsel. ECF. Nos. 3, 25, 27.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**<u>Motions to Seek Outside Medical Assistance</u>**

Plaintiff has filed two motions to seek outside medical assistance: one on February 6, 2012 (ECF No. 3); one on March 21, 2012 (ECF No. 25). In his motions, Plaintiff states that he seeks outside medical assistance pursuant to Rule 35 of the Federal Rules of Civil Procedure. ECF. No. 3, 25. Plaintiff asserts that outside medical assistance is needed to "get an outside opinion on the severe injury that he has sustain to his feets, for such injury that was cause by SCDC product footwear 'Bo Bo's,'" ECF. No. 3, and to "determine the actual damage that his injury has cause to the Plaintiff's feet." ECF. No. 25.

Rule 35 of the Federal Rules of Civil Procedure provides, in relevant part,

**(a) Order for Examination**
**(1)** *In general*. The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to

> submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
> **(2) *Motion and Notice; Contents of the Order*.** The order:
> **(A)** may be made only on motion for good cause and notice to all parties and the person to be examined; and
> **(B)** must specify the time, place, manner, conditions, and scope of examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a). However, Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 Fed. App'x 611, 614 (7th Cir. 2003). Instead, Rule 35 allows, under "appropriate circumstances," a court "to order a party to submit to a physical examination at the request of an opposing party." *Id.; see also Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (no abuse of discretion where the district court denied the plaintiff's Rule 35 motion where the plaintiff's "primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs"); *Vinson v. U.S. Marshals Serv.*, C/A No. 0:10-79-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011) (adopting magistrate judge's recommendation to deny the plaintiff's motion requesting a physical and mental evaluation of himself); *Keith v. Taggart*, No. 0:09-cv-00566-RBH, 2010 WL 972573, 2010 WL 972573 (D.S.C. Mar. 10, 2010) (adopting the magistrate judge's recommendation to deny the plaintiff's motion requesting a mental evaluation of himself). Furthermore, Plaintiff does not identify the source of any funds to pay for this evaluation. Accordingly, Plaintiff's Motions for Outside Medical Assistance, ECF Nos. 3, 25, are denied.

**Motion to Appoint Counsel**

On April 4, 2012, Plaintiff filed a second Motion to Appoint Counsel. ECF. No. 27. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases."

*Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case.

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1), ECF No. 27, is denied.

**CONCLUSION:**

Based on the foregoing, the Plaintiff's Motions to Seek Outside Medical Assistance, ECF. Nos. 3, 25, and Plaintiff's Motion to Appoint Counsel, ECF. No. 27, are DENIED.

IT IS SO ORDERED.

June 1, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge